IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STONEY LYNN HUNT,

    Petitioner,    No. 2:06-cv-0118-JAM-JFM (HC)

  vs.

ROSANNE CAMPBELL, Warden,

    Respondent.    FINDINGS AND RECOMMENDATIONS

                               /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his federal constitutional right to due process of law was violated by a 2003 decision of the California Board of Parole Hearings (Board) to deny him parole.

ANALYSIS

I. Standards for a Writ of Habeas Corpus

        Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

1

determination of the facts in light of the evidence presented in the
State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

/////

/////

1  II. Petitioner's Claims

Petitioner raises two claims in his petition. First, he contends that the Board's decision to deny parole violated his right to due process because the decision "was not based on any evidence, was arbitrary, capricious, and an unreasonable view of the facts." Second, petitioner contends that the Board's reliance on unchanging factors, including his commitment offense and pre-incarceration conduct, violated his right to due process. The last reasoned state court rejection of petitioner's claims is the decision of the Fresno County Superior Court, which denied petitioner's petition for writ of habeas corpus on the ground that "sufficient evidence exists to support the findings of the Board of Prison Terms." Ex. 2 to Petitioner's Traverse, filed October 13, 2006.

> California Penal Code section 3041 vests . . . all . . . California prisoners whose sentences provide for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date, a liberty interest that is protected by the procedural safeguards of the Due Process Clause. Sass [v. California Board of Prison Terms], 461 F.3d [1123] at 1128 [(9th Cir. 2006)]; Biggs [v. Terhune], 334 F.3d [910] at 914 [(9th Cir. 2003)]; McQuillion v. Duncan, 306 F.3d 895, 903 (9th Cir.2002); see also Bd. of Pardons v. Allen, 482 U.S. 369, 377-78, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 12, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)).

Irons v. Carey, 505 F.3d 846, 850-51 (9th Cir. 2007). At all times relevant to this action, it has been clearly established precedent of the United States Supreme Court that "a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by 'some evidence in the record,' Sass, 461 F.3d at 1128-29 (citing Superintendent v. Hill, 472 U.S. 445, 457, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)); see also Biggs, 334 F.3d at 915 (citing McQuillion, 306 F.3d at 904), or is 'otherwise arbitrary,' Hill, 472 U.S. at 457, 105 S.Ct. 2768." Irons, at 851. Under California law,

> [t]he Board must determine whether a prisoner is presently too dangerous to be deemed suitable for parole based on the "circumstances tending to show unsuitability" and the "circumstances tending to show suitability" set forth in Cal.Code. Regs., tit. 15 § 2402(c)-(d). A prisoner's commitment offense may

> constitute a circumstance tending to show that a prisoner is presently too dangerous to be found suitable for parole, but the denial of parole may be predicated on a prisoner's commitment offense only where the Board can "point to factors beyond the minimum elements of the crime for which the inmate was committed" that demonstrate the inmate will, at the time of the suitability hearing, present a danger to society if released. [In re John E.] Dannenberg, 34 Cal.4th [1061] at 1071, 23 Cal.Rptr.3d 417, 104 P.3d 783 [(Cal., 2005)]. Factors beyond the minimum elements of the crime include, inter alia, that "[t]he offense was carried out in a dispassionate and calculated manner," that "[t]he offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering," and that "[t]he motive for the crime is inexplicable or very trivial in relation to the offense." Cal.Code. Regs., tit. 15 § 2402(c)(1)(B), (D)-(E).

Irons, at 851-52.

> Under [the applicable] regulations, the circumstances tending to show that a prisoner is unsuitable include: (1) the commitment offense, where the offense was committed in "an especially heinous, atrocious or cruel manner"; (2) the prisoner's previous record of violence; (3) "a history of unstable or tumultuous relationships with others"; (4) commission of "sadistic sexual offenses"; (5) "a lengthy history of severe mental problems related to the offense"; and (6) "serious misconduct in prison or jail." Cal.Code. Regs., tit. 15 § 2402(c). Circumstances tending to show that a prisoner is suitable for parole include: (1) the prisoner has no juvenile record; (2) the prisoner has experienced reasonably stable relationships with others; (3) the prisoner has shown remorse; ... (6) the prisoner lacks any significant history of violent crime; ... (8) the prisoner "has made realistic plans for release or has developed marketable skills that can be put to use upon release"; (9) "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Cal.Code. Regs., tit. 15 § 2402(d).

Id. at 851 n.4.

In it's July 3, 2003 decision, the Board concluded that petitioner was "not suitable for parole and would pose an unreasonable risk of danger and a threat to public safety if released from prison." Ex. B to Respondent's Answer to Petition for Writ of Habeas Corpus, filed September 29, 2006, at 67. This conclusion was based primarily on findings concerning the petitioner's 1983 commitment offense and three disciplinary convictions suffered by petitioner, including a 1999 disciplinary conviction for possession of narcotics in prison, and two disciplinary convictions, one in November 2000 and one in April 2003, for falsification of

4

1  records in prison.  Id. at 67-69.  In addition, the Board noted a "contradiction" between

2  petitioner's disciplinary conviction for possession of narcotics, a psychiatric report that petitioner

3  understood the need to abstain from drugs and alcohol, and petitioner's own report that he had no

4  problem with substance abuse.  Id. at 69.  The Board also noted that Stanislaus County deputy

5  district attorney[1] and the victim's niece had both spoken in opposition to parole.  Id. at 70.  The

6  Board also noted a recent psychiatric report finding that petitioner's "level of dangerousness" in

7  the prison setting had improved and that petitioner was "making improvements in terms of his

8  level of dangerousness, if he was to be released to the public," though the Board suggested that

9  the report may not have "taken into consideration, the prisoner's activities in prison."  Id. at 69.[2]

10 The Board also found that petitioner had parole plans which "could stand to be firmed up" and

11 that petitioner has "a lot of support in the community."  Id. at 69-70.

12         Petitioner's contention that the Board's decision was not based on any evidence

13 and was arbitrary and capricious is without merit.  At the hearing, petitioner acknowledged the

14 Board's description of the factual circumstances of his commitment offense.  Id. at 12-16.

15 Petitioner also acknowledged that he had suffered a prison disciplinary conviction for an incident

16 on August 25,1999 when he was  caught in a prison visiting room in possession of 2.5 grams of

17 methamphetamine.  Id. at 34.[3]  The Board's decision to deny petitioner parole is supported by

---

[1] The transcript of the hearing before the Board suggests that petitioner was committed to state prison from Stanislaus County.  See, e.g., Respondent's Ex. B at 1-2.  The abstract of judgment attached as Exhibit A to Respondent's Answer, which does appear to set forth petitioner's commitment offenses, is a document from the Fresno County Superior Court, and petitioner avers that his commitment offense was from Fresno County.  See Traverse, at 1.

[2] Petitioner has appended to his traverse a psychiatric report dated April 28, 1999.  This report predates the three disciplinary convictions relied on by the Board.

[3] Petitioner denied that he had committed the act underlying the second disciplinary conviction relied on by the Board, which arose from an incident on November 16, 2000, when petitioner allegedly altered a credit record to suggest that he had 106.5 hours of work credit, rather than 6.5, in order to get more money than he was actually entitled to.  Id. at 34-35.  At the hearing, petitioner contended that a clerk at the welding shop where he worked had made the mistake on the paper, and that he did not know why he had been disciplined for the mistake.  Id. at 35-36.  The third disciplinary relied on by the Board was described by one of the deputy

some evidence in the record sufficient to meet the requirements of the federal due process clause.[4] The state courts' rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. This claim should be denied.

Petitioner's second claim is not supported by the record. The Board did not rely solely on an unchanging factor, in this instance the commitment offense, to deny petitioner parole in 2003. This claim should also be denied.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 12, 2009.

UNITED STATES MAGISTRATE JUDGE

12/hunt0118.157

---

Commissioners as a "minor disciplinary action" and arose when petitioner missed work because he missed "unlock" and was required to stay in his cell. Id. at 36.

[4] In his first claim, petitioner also contends that the Board "ignored factors that they were required to consider" and that the Board "chose to disregard Mental Health evaluations showing petitioner was not a threat to public safety if released from prison." Petition, filed January 18, 2006, at 5. The federal constitutional question before this court is whether "some evidence" supported the Board's decision. For the reasons set forth in these findings and recommendations, that question is answered in the affirmative.

6